JAMES A. SANDERS & SON, plaintiffs in error, *vs.* THE TOWN COUNCIL OF ELBERTON, defendant in error.

1. A town council having power to license and regulate the sale of spirituous liquors, may legally, in issuing a license, confine the sale of liquor to a particular room in a house.
2. Whether two rooms in a particular house, in which it is proposed to sell spirituous liquors, be in truth two distinct places, is a question of fact, and the judgment of the town council, under the evidence, holding that they are distinct places, will not be disturbed if the evidence justify, though it may not require, such a conclusion by the Council.

Retail license. Municipal corporations. Before Judge ANDREWS. Elbert Superior Court. March Term, 1873.

Sanders & Son petitioned the Superior Court of Elbert county for a *mandamus nisi* to be directed to the Town Council of Elberton, requiring said body to show cause why it did not issue to petitioners a license to retail spirituous liquors during the year 1873, at their house in said town, without confining them to one room in said building, upon their complying with its laws and ordinances.

The respondent answered substantially, as follows: The application of petitioners was for a license to retail spirituous liquors at two different places by two different persons, but all in the firm name of James A. Sanders & Son. They have heretofore been engaged in retailing as follows: James A. Sanders in the rooms fronting east, on the main street on public square, entered through a door in the east end. James O. Sanders, the other member of the firm, in the basement of the same building, fronting north, entered by two doors—one on the north, near the west end, and the other in the ·west end. There was no communication between the two rooms, except through the doors, as above stated. The rooms are separate and distinct from each other, each having all the arrangements for retailing, each of the parties attending to his respective department, and each keeping a book of his daily transactions. It was the intention of the petitioners to carry on business in this way under one license.

Sanders & Son *vs.* The Town Council of Elberton.

The case was submitted to the Court upon the following agreed statement of facts: That the answer of respondent is true; that petitioners, after being refused a license to retail spirituous liquors in the two rooms above set forth, took a license which covered the upper room, and are now there transacting their business, but claiming the right to retail in both rooms; that the business, though proposed to be carried on in two rooms, was for the benefit of one firm; that no ordinance had been passed, or regulation established by the respondent, confining those who obtained licenses to one room; that petitioners had been restricted to one room.

The Court dismissed the petition, and petitioners excepted.

E. P. EDWARDS; H. A. ROEBUCK; J. D. MATHEWS; for plaintiffs in error.

ROBERT HESTER, by N. J. HAMMOND, for defendant.

McCAY, Judge.

1. The authorities of Elberton are, by the act of incorporation, clothed with power to license and *regulate* the sale of spirituous liquors in said town: Act of 1859, page 153; Acts of 1865 and 1866, page 277. It seems to us that in the very nature of this power to regulate, is the power to confine the sale to certain houses, to certain places or localities, and to certain persons: 5 *Georgia,* 549; 10 *Ibid..* 533; 18 *Ibid.,* 603.

We see no reason why this power to regulate should not include the power to confine the sale to certain streets, certain houses, rooms in houses, or portions of a room. Any one may see that there may be special reasons, for police purposes, for the preservation of order, for the prevention of annoyance to quiet citizens, why, in particular instances, one or the other of these regulations might with great propriety be made.

The kind of regulation is left to the Council, and that power is exclusive in that body, nor will the Courts control

its exercise, unless it be abused: 12 *Georgia*, 25; 19 *Ibid.*, 490; 23 *Ibid.*, 569.

We think, for these reasons, that there is nothing in this record showing any illegality in the action of the Council, confining the license to a particular room in the house of the applicants. They might exercise their power to regulate either by a general ordinance, or by specific regulations in each case, as the circumstances may in that case demand.

2. But independently of the right to regulate, and therefore to confine the sale to a particular room, it is not clear to us that in this case there is not an effort to get permission to set up two liquor shops under one license. These two rooms, under the admitted facts, are so situated as, in a very fair sense, to make two different places. They open on different streets, there is no communication inside between them, and they are on different stories; they are to be kept each by a distinct member of the firm, who will keep a separate account. We think it was no abuse of the exercise of the sound judgment of the Council to conclude that each was a distinct place; and that the fact of one firm being the owner of both, did not alter the case. How much further, when the business should be opened, this distinctiveness would go, is tolerably evident. Perhaps they are to be visited by different classes of people, sell at different prices, and different quantities of the same named liquor, opened at different hours and have entirely different manners, customs and practices. How far the admitted facts make these two rooms different places the Council has determined as a question of fact. We see nothing in the case to justify the conclusion that this decision is an abuse of power, and we, for both the reasons given, affirm the judgment refusing the *certiorari*.

Judgment affirmed.