Badkins *vs.* Robinson.

---

ROBERT BADKINS, plaintiff in error, *vs.* WILLIAM L. ROBINSON, marshal, defendant in error.

1. The mayor and council of the city of Columbus were authorized by the act of November 17, 1864, to prohibit the sale by retail, of fresh meats and vegetables during market hours at any other place than the market house. By a subsequent section of said act, it was provided that no person should be punished under any ordinance passed by virtue of said act, except such persons as shall usually bring marketable articles for sale by retail at the market house:

*Held,* that said act is not unconstitutional.

2. Whether any person prosecuted for the violation of such ordinance comes within the exception, is matter of proof on the trial, and can-

not be inquired into on the hearing of a *habeas corpus* sued·out by one who is in custody, under a judgment of conviction for violating the ordinance.

*Habeas corpus.* Constitutional law. Market. Municipal corporations. Before Judge JAMES JOHNSON. Muscogee County. At Chambers, July 26th, 1874.

M. W. Murphy, as marshal of the city of Columbus, presented to the judge of the superior court of Muscogee county his petition for the writ of *certiorari*, making this case:

On July 18th, 1874, Robert Badkins was charged before the mayor's court of said city with a violation of section four of the market ordinance, in that he sold certain fresh meats at his store-house, a place in the city other than the market-house, during market hours. Said ordinance had been passed by the mayor and council of said city under an act of the legislature, entitled "an act to authorize the mayor and council of the city of Columbus to erect a market-house in one of the streets of said city, and to pass ordinances to establish and regulate a public market in said city." Assented to November 17th, 1865. To this charge Badkins pleaded the unconstitutionality of the aforesaid ordinance, and not guilty. He was found guilty and sentenced to pay a fine of $50 00, and in default thereof, to be confined in the guard-house for thirty days. He failed to pay said fine, and was imprisoned by petitioner in accordance with the terms of said judgment. Badkins presented his petition for the writ of *habeas corpus* to the Honorable Joseph F. Pou, the county judge, in which he alleged that he was illegally imprisoned, because the 4th section of said ordinance was unconstitutional, and because he was held without due process of law. The 4th section, above referred to, was as follows: "And no fresh meat (all meat considered fresh unless salted one week,) shall be sold at any other place in the city than the market-house during market hours." The county judge ordered Badkins to be discharged. This judgment petitioner excepted to, and asks the writ of *certiorari* that the same may be corrected.

The petition was sanctioned and the writ issued. It was admitted by the county judge and the respective parties that the petition fairly presented the facts. Upon the hearing before the judge of the superior court, the decision of the county judge was reversed and the case remanded for a rehearing. To this ruling Badkins excepted.

After the case reached this court Murphy died, and his successor in office, Robinson, was made a party.

BENNING & BENNING; RUSSELL & RUSSELL, for plaintiff in error.

C. H. WILLIAMS; PEABODY & BRANNON, for defendant.

TRIPPE, Judge.

1. The ordinance of the City Council of Columbus was authorized by the act of November 17th, 1864, and it was therefore not obnoxious to the decision in the case of *Bethune vs. Hughes,* 28*th Georgia,* 560. The right of the legislature to regulate trade, and to authorize municipal corporations so to do within their respective limits, has been recognized by this court from the time of its organization. It is only necessary to refer to some of the decisions on that point without further citing them: 5*th Georgia,* 546; 6 *Ibid.,* 13; 18 *Ibid.,* 586; 43 *Ibid.,* 421. As was said in the case in 5*th Georgia, supra,* in reference to ordinances that are legal and constitutional and those which are not, "the true distinction is between an ordinance which operates as a total exclusion or deprivation of the right of the citizens, and one which *merely regulates* the exercise and enjoyment of it for the benefit and security of the inhabitants of the city." We do not think that any of the provisions of the constitution of 1868 operate to deny this power in the legislature. The case in 43*d Georgia,* 421, was decided since 1868, and the same questions were then raised on the argument which are presented here.

2. Whether one who is prosecuted for a violation of such ordinance comes within the exception of a subsequent section

of the act, was a question to be inquired into, and was a matter of proof on the trial of the prosecution.

Judgment affirmed.