H. W. METCALF COMPANY, A CORPORATION, *Plaintiff in Error,* v. W. E. MARTIN, *Defendant in Error.*

REVIEW OF DECISION ON FACTS.

Where a cause has been submitted to a Circuit Judge, without a jury, for decision upon both the law and facts, and upon writ of error from the judgment rendered the only question presented is the sufficiency of the facts to sustain the finding, the appellate court will not disturb such finding when it sees that the facts in the case warrant such finding.

This case was decided by Division B.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. G. Starbuck,* for plaintiff in error.

*Beggs & Palmer,* for defendant in error.

TAYLOR, J.—The plaintiff in error as plaintiff below sued the defendant in error in assumpsit in the Circuit Court of Orange County for the recovery of $750.25 alleged to have been wrongfully collected by the defendant as tax collector from the plaintiff for a license as a liquor dealer. The case was by consent referred to the circuit judge for final adjudication of both the law and the facts without a jury, and at the trial the judge found for the defendant and entered judgment in accordance with such finding. To review this judgment the plaintiff brings the case here by writ of error. The only question presented is one of fact as to whether the plaintiff did not have and conduct three distinct liquor saloons upon each of which a license became due and collectible, or whether he only had two such saloons or places of business. He had paid his license for two saloons, but the collector claimed that he opened a third saloon for which a license became due, and this license collected by the defendant collector under protest from the plaintiff is the matter in controversy. It appears from the proofs that the plaintiff has three separate rooms all practically under the same roof in which are conducted as many saloons, and that in each of these there is a separate compartment for the serving of liquors to white and negro customers. One of these saloons fronts on Orange Avenue and the other two on Church Street. A solid partition wall divides the two saloons fronting on Church Street and there is no connection between them except through doors and passage ways in the rear. They both have separate front entrances on Church Street. With these two saloons on Church Street there is also a connection with the

saloon on Orange Avenue through a pool room, several doors and a covered alleyway. On the facts before him the Circuit Judge found that the plaintiff had three separate places of business upon each of which a license was payable and therefore found for the defendant. The question is one purely of fact, and we can see nothing in the evidence that would warrant us in overruling the findings of the Circuit Judge on the facts as presented. Sanders & Son v. Town Council of Elberton, 50 Ga. 178.

The judgment of the court below is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.