## MANOR v. CITY OF BAINBRIDGE.

HOLDEN, J.   1. Under the general welfare clause in the charter of the City of Bainbridge, the municipal authorities have the right to pass an ordinance prohibiting and making penal the sale of what is commonly known as "near beer" within the city limits except within a prescribed territory therein, provided the provisions of the ordinance prescribing such territory are not unreasonable. *Badkins* v. *Robinson*, 53 *Ga.* 613; *Sanders* v. *Elberton*, 50 *Ga.* 178; *Campbell* v. *Thomasville*, 6 *Ga. App.* 212 (64 S. E. 815) ; *Cassidy* v. *Macon*, 133. *Ga.* 689 (66 S. E. 941).

(a) The ordinance of the City of Bainbridge prescribing the territory within which "near beer" may be sold, and making it unlawful to sell "near beer" without such territory in the city limits, does not appear to be unreasonable.

(b) The ordinance passed December 5, 1910, making it unlawful to sell "near beer" after January 1, 1911, in the city limits except within a designated territory therein, is not shown to be unreasonable merely by proof that in the designated territory every suitable building for the sale of "near beer" was occupied at the time of the passage of the ordinance and at the time of the hearing for an interlocutory injunction in January, 1911, and that it would be impossible to procure one in which to carry on the sale of "near beer" at any reasonable price.

2. The fact that one sold "near beer" during 1909 and 1910 under a license from the municipal authorities at a certain place, and that he made valuable improvements at such place for the purpose of operating there a "near-beer saloon," did not make invalid a municipal ordinance passed in December, 1910, whereby it was made unlawful after that year to sell "near beer" in the city limits except within specified territory, which did not embrace the place above referred to; nor did such facts make unlawful the refusal of the city authorities to grant such person a license to sell "near beer" during the year 1911 at the place named.

3. An ordinance making penal the violation of the provisions of another ordinance applies to the latter ordinance as amended by a subsequent ordinance, though there is no provision in either of the ordinances, or in the amendment, specially providing that it shall so apply.

4. On the hearing of an application for an interlocutory injunction a demurrer and answer may be presented by the defendant and considered by the judge hearing the application, and evidence may be offered by the defendant to show that the plaintiff is not entitled to the relief sought, though the demurrer and plea have not been filed in the office of the clerk of the superior court in which the case is pending. See, in this connection, *Hogan* v. *State*, 133 *Ga.* 875 (67 S. E. 268).

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*
                        AUGUST 22, 1911.

Petition for injunction.  Before Judge Frank Park.  Decatur superior court.  January 16, 1911.

J. P. *Pelham* and L. W. *Nelson*, for plaintiff.

R. G. *Hartsfield*, for defendant.