CITY OF MIAMI, a Municipal Corporation, and A. E. FULLER, Director of Finance of the City of Miami, v. STATE, *ex rel.* BLANCHE GREEN.

180 So. 45.
Opinion Filed April 1, 1938.

*J. W. Watson, Jr.,* and *E. F. P. Brigham,* for Plaintiffs in Error;

*Kehoe & Kehoe,* for Defendant in Error.

TERRELL, J.—The City of Miami enacted Zoning Ordinance Number 1526 prohibiting the sale of intoxicating liquors and beverages within described areas of the city.

In a mandamus proceeding, the defendant in error challenged the validity of the ordinance on the ground of discrimination in that it permitted non conforming uses. The Court below held the ordinance inoperative and void and the city took writ of error to this Court.

Section 1 of the ordinance zoned an area about four blocks wide and seventeen blocks long in what is known as "Negro Town," a very thickly housed. and populated portion of the City. The non conforming uses challenged consisted in the exemption from the effect of the ordinance all regularly licensed businesses selling vinous, malt, and other alcoholic beverages at the time of its enactment, at the same time prohibiting their enlargement or transfer and if any business exempted be discontinued, the ordinance shall automatically apply to the location and no other license shall be issued to it.

The declared purpose of the ordinance was to aid the police department in keeping order, suppressing crime, to foster a better moral status, enforce sanitary regulations and assist in a more thorough police control over the area zoned, it being shown that a large portion of the population inhabiting said zoned area was by comparison, a class inclined to be shiftless and irresponsible, given to drinking and gambling and wasting their income in such pursuits rather than in supplying themselves and their families with the necessities of life.

The cases relied on by Relator have been examined and some of them at first blush would seem to support her contention but a more thorough examination reveals that they were reversed by later decisions or they involved situations in which Acts or ordinances were held unconstitutional because they were arbitrary or unreasonable, deprived the owner of his property without compensation, or unduly

abridged the privileges and immunities of the citizens guaranteed by the Constitution.

The question of the denial of equal protection by the permission of non conforming uses must stand or fall by the factual situation shown to exist. Such uses have generally been upheld by the State and Federal Courts if reasonable and shown to be in aid of the police power. Barbier v. Connolly, 113 U. S., 27, 5 Sup. Ct. 357, 28 L. Ed. 923; Zucht v. King, 260 U. S. 174, 43 Sup. Ct. 24, 67 L. Ed. 194; Euclid v. Ambler Realty Co., 272 U. S. 365, 47 Sup. Ct. 114, 71 L. Ed. 303; Brown v. Los Angeles, 183 Cal. 783, 192 Pac. 716; Zahn v. Board of Public Works of City of Los Angeles, 195 Cal. 497, 234 Pac. 388; Masonic Cemetery Association v. Gamage, 38 Fed. (2nd) 950; Sampere v. City of New Orleans, 166 La. 766, 117 So. 827; City of Aurora v. Burns, 319 Ill 84, 149 So. 784; Sammarco v. Boysa, 193 Wis. 642, 215 N. W. 446; State v. Dirnberger, 152 Minn. 44, 187 N. W. 972, Baxley v. City of Frederick, 133 Okla. 84, 271 Pac. 257.

This list of cases might be greatly enlarged but we do not deem it necessary. They show a consistent judicial policy to uphold reasonable classifications to protect the health, morals, and safety of the public even though not all embracing and in its practical operation, the law assaulted may act differently on different subjects or may include some and eliminate others. If there is a sound basis in reason for the difference in effect, it will be upheld.

The facts shown to exist in this case are ample to support the classification. It is a matter of common knowledge that the liquor business has to be more rigidly policed and controlled than other businesses and the ordinance assaulted was designed for this purpose. For all the record discloses, it was reasonable and a proper exercise of the police power of the city.

This being our view, it follows that the judge below must be and is hereby reversed.

Reversed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.