364 So.2d 283 (1978)
James R. HARRISON, d/b/a Harrison's Food Mart
v.
H. J. BUCKHALT, Individually and as City Clerk for the City of Dothan, et al.
77-19.
Supreme Court of Alabama.
September 15, 1978.
Rehearing Denied November 17, 1978.
Edmon L. Rinehart, Montgomery, for appellant.
Wade H. Baxley, Dothan, for appellees.
EMBRY, Justice.
The dispositive issue on this appeal is whether Dothan City Ordinance No. 5503 is *284 an invalid, unconstitutional, arbitrary and unreasonable exercise of the police power of the City of Dothan because it purports to forbid the retail sale of whiskey, wine, liquor, malt or brewed beverages within 600 feet from any church building or church grounds, school buildings or school grounds, while containing a grandfather clause which permits those already licensed, and their successors, to make retail sales of such beverages within the prohibited distance and to continue to do so indefinitely. We hold the ordinance arbitrary and unreasonably discriminatory; therefore violative of Sections 1, 6 and 22 of the Constitution of Alabama of 1901.
James Harrison, d/b/a Harrison's Food Mart, appeals from a judgment denying the writ of mandamus to compel H. J. Buckhalt as Clerk of the City of Dothan to issue the appellant a license to sell beer for off-premises consumption. In his petition, Harrison alleged that even though he had been issued a license by the Alabama Alcoholic Beverage Control Board, Buckhalt and the City refused to issue him a city license because his place of business was less than 600 feet from a church; therefore prohibited by Dothan City Ordinance 5503, which reads:
"No privilege license shall be issued for the retail sales of whiskey, wine, liquor, malt or brewed beverages or other alcoholic beverages where the place or establishment for which such license applied for is less than six hundred (600) feet from any church building or church grounds, school building or school grounds, public park or public playground; but this provision shall not apply to renewals of such license heretofore issued or to such license now in existence, nor shall this provision apply to the granting of such new licenses to qualified applicants at locations which were previously licensed; within the last twelve (12) months."
Harrison also complained that the City had on previous occasions, although prohibited by a prior ordinance, issued off-premises beer licenses to businesses located less than 600 feet distance from a church. He says that this makes enforcement of the present ordinance discriminatory and unconstitutional as to him. Since we hold the present ordinance unconstitutional, because of the structure of its "grandfather clause," there is no need to address this second issue.
The grandfather clause reads:
"* * * but this provision shall not apply to renewals of such license heretofore issued or to such license now in existence, nor shall this provision apply to the granting of such new licenses to qualified applicants at locations which were previously licensed; within the last twelve (12) months."
It is apparent that not only would a licensee be permitted to renew in perpetuity, also any purchaser of the business of such licensee, if qualified to be licensed, would be licensed if application were made within the twelve month period during which his predecessor held an existing license.
This court has held it to be a reasonable and valid exercise of the police power of a city to prohibit the sale of beer within a reasonable distance from a school or church. USA Oil Corp. v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974) (within three city blocks of church and school); Capps v. Bozeman, 272 Ala. 249, 130 So.2d 376 (1961) (within 1000 feet of church). See also Norwood v. Capps, 278 Ala. 218, 177 So.2d 324 (1965) (within 500 feet from any other place where beer is sold). However, exercise of this police power is not without limitation; e. g. the manner of enforcement of an ordinance of this type can be a denial of equal protection of the laws guaranteed by Sections 1, 6 and 22 of the Alabama Constitution. See City of Hueytown v. Jiffy Chek Company of Alabama, 342 So.2d 761 (Ala.1977).
In this case the question is whether, because of the grandfather clause, there is an arbitrary and unconstitutional classification made which is not reasonably related to the intended purpose of the ordinance to be achieved through proper exercise of the *285 police powers and within the scope of such powers. We answer yes and hold the ordinance invalid. See generally, Piggly-Wiggly of Jacksonville v. Jacksonville, 336 So.2d 1078 (Ala.1976) (number of employees of store held to be unreasonable basis for classification in light of purpose of Sunday Blue Law).
The crux of Harrison's contention regarding the constitutional invalidity of the grandfather clause is that it discriminates in favor of persons who have already obtained an off-premises beer license; therefore it discriminates against him and entitles him to a license. In brief, he asserts:
"* * * The constitutional flaw in Ordinance 5503 is that its very purpose of keeping beer, wine and spirits away from schools and churches cannot be achieved; yet it discriminates invidiously against those who would sell beer while continuing to permit sales within 600 feet by those already doing so." (emphasis added)
He is correct in contending that the grandfather clause thwarts the purpose of the ordinance. The purpose, among others, of the ordinance is to prohibit the retail sale of alcoholic beverages within 600 feet of a church. But that purpose is frustrated by the grandfather clause that would never provide for termination of the sale of those prohibited beverages within the stated distance.
Regulation or prohibition of the sale of alcoholic beverages is unlike regulation of the conduct of other businesses or of the pursuit of a trade, vocation, or profession. Grandfather clauses regarding the latter have a different purpose. See e. g. § 34-24-232 and § 34-28A-24, Code 1975 (regarding the practice of podiatry and that of speech pathology and audiology, respectively). In the latter situation the purpose of the statutes is to ensure that licensees are competent. Grandfather clauses in those statutes do not frustrate their purpose because those exempt from licensing requirements are presumed to be competent because of experience in the licensed activity. Watson v. Maryland, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987 (1910). Assuming, arguendo, this presumption is not correct, the purpose of the statute is only temporarily thwarted because natural attrition will eventually terminate licensing of those benefiting from a grandfather clause.
In this case, however, the grandfather clause prevents the fulfillment of the purpose of the ordinance. In State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148 (1939), and Town of Mandeville v. Band, 111 La. 806, 35 So. 915 (1904), such provisions were held to be arbitrary, discriminatory and, therefore, invalid. In those cases in which similar grandfather clauses have been upheld, the statute or ordinance, provides for the ultimate elimination of the sale of alcoholic beverages in the prohibited area. See e. g. Eckert v. Jacobs, 142 S.W.2d 374, 378 (Tex. Civ.App.1940); Commonwealth v. Petri, 122 Ky. 20, 90 S.W. 987, 989 (1906).
What is the effect of the invalidity of the grandfather clause? Of necessity, the entire ordinance must fall. This is owing to the general rule that when an exception or exemption is held invalid, and there is no severability provision in the enactment (of the legislature or city governing body), then such enactment is void in its entirety. Were it otherwise the scope of the enactment would be widened beyond the intent of the enacting authority. City of Mobile v. Salter, 287 Ala. 660, 255 So.2d 5 (1971); Barron-Leggett Electric, Inc. v. Department of Revenue, 336 So.2d 1124 (Ala.Civ. App.1976), cert. den. 336 So.2d 1128 (Ala. 1976); Sutherland Statutory Construction, § 44.13, Vol. 2, pp. 359-360, 4th Ed. (1973). On the other hand, if the ordinance here under consideration contained a severability clause it would permit severance of the invalid grandfather clause and allow the valid prohibitory remainder to stand. See Comer v. City of Mobile, 337 So.2d 742 (Ala.1976).
*286 For the reasons stated, we hold Ordinance No. 5503 of the City of Dothan discriminatory, arbitrary, unreasonable, and therefore a denial of equal protection of the laws guaranteed by Sections 1, 6 and 22 of the Constitution of Alabama of 1901.
The action of the trial court in dismissing the petition of Harrison for writ of mandamus to compel issuance of a license to him under the provisions of the ordinance, as applied to others, being in error, the judgment below is due to be, and is hereby, reversed.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
BLOODWORTH and MADDOX, JJ., concur specially.
TORBERT, C. J., dissents.
BLOODWORTH, Justice (concurring specially).
I concur in the result in this case to reverse and remand this cause to the trial court.
The posture in which this case was tried below is as follows. There was a motion to dismiss, which by operation of Rule 12(b), was converted into a motion for summary judgment. After the taking of testimony in support and contra the motion for summary judgment, the trial court granted the motion to dismiss, i. e., the summary judgment. I conclude the summary judgment was premature, that is, inappropriate, because a motion for summary judgment is to be granted only where there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). The movant (Buckhalt, the City Clerk) had the burden to show that Harrison could not recover "under any discernible circumstances." Loveless v. Graddick, supra.
Harrison claimed in the court below the unconstitutional application of the "grandfather clause." The trial judge would not permit evidence to be adduced on the issue of licenses issued prior to January 25, 1977, the date of the enactment of the ordinance in question (which contained the "grandfather clause"), although there was a prior ordinance which both parties admitted was essentially the same. A copy of the prior ordinance was never admitted into evidence, but the evidence sought to be adduced by Harrison as to a pattern of discrimination against subsequent applicants by the granting of licenses to prior applicants was foreclosed by the trial judge's order. Thus, it seems to me that the movant here has not shown that the other party could not recover "under any discernible circumstances." Loveless v. Graddick, supra.
I can agree with that part of Mr. Justice Embry's opinion when he states that it is a reasonable and valid exercise of the police power of a city to prohibit the sale of beer within a reasonable distance from a school or church, even though an applicant has been granted a license by the ABC Board. This is the rule of our cases. Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385 (1975); USA Oil Corp. v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974); Paulson's Steerhead Restaurant, Inc. v. Morgan, 273 Ala. 235, 139 So.2d 330 (1962). Our rule is that a "municipality may prescribe conditions as a prerequisite to the issuance of a beer license so long as such conditions bear a reasonable relationship to the health, safety, and public welfare of the community; but it may not, under the guise of its licensing authority, prescribe such conditions as to constitute a prohibition of the sale of beer." Lawrence v. Gayle, supra at 98, 312 So.2d at 391.
I cannot agree with Mr. Justice Embry's conclusion that the "grandfather clause" in this case is discriminatory and therefore unconstitutional. "Grandfather clauses" have generally been held not to be discriminatory. See Annot., 4 A.L.R.2d 667, 670 (1949), Annot., 136 A.L.R. 207, 213 (1942). "Grandfather clauses" in such ordinances as the one in question serve to protect property and investments in a manner analogous *287 to nonconforming use exceptions in zoning ordinances. See Annot., 9 A.L.R.2d 877 (1950).
Nor, can I agree with Mr. Justice Embry's opinion that because the ordinance does not expressly provide for the eventual elimination of existing licenses for premises within 600 feet of a church or school, that it, in effect, allows renewals "in perpetuity." On this issue I agree with Mr. Chief Justice Torbert's view.
MADDOX, J., concurs.
TORBERT, Chief Justice (dissenting):
I respectfully dissent.
I would affirm the judgment below denying the writ of mandamus to compel H. J. Buckhalt as Clerk of the City of Dothan to issue the appellant a license to sell beer for off-premises consumption. Further, I do not agree that this ordinance containing a "grandfather clause" is "arbitrary and unreasonably discriminatory; therefore, violative of Sections 1, 6, and 22 of the Constitution of Alabama of 1901."
This court has held it to be a reasonable and valid exercise of the police power of a city to prohibit the sale of beer within a reasonable distance from a school or church. USA Oil Corp. v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974). However, the question here centers around the "grandfather clause" which reads:
but this provision shall not apply to renewals of such license heretofore issued or to such license now in existence, nor shall this provision apply to the granting of such new licenses to qualified applicants at locations which were previously licensed; within the last twelve (12) months.
No one has a vested constitutional right to retail intoxicating beverages, and lawmakers have almost unlimited power to prohibit or regulate such an occupation. Powell v. State, 69 Ala. 10 (1881), states that such a license to sell liquor is not a contract within the protection of the constitution. However, it is within the discretion of the legislative body to determine whether or not to include such an exempting clause as provided for here.
"To declare what the law is, or has been, is a judicial power; to declare what the law shall be, is legislative." Lindsay v. United States Savings & Loan Association, 120 Ala. 156, 168, 24 So. 171, 174 (1898). Further, "[m]uch must be left to legislative discretion, with which there cannot be judicial interference." Id. at 176, 24 So. at 178.
In Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83 (1953) and Crabtree v. City of Birmingham, 292 Ala. 684, 299 So.2d 282 (1974), the court held that the mere fact of inequality is not enough to invalidate a law, and the legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded.
In the constitutional determination of a legislative act, the court does not look at the propriety of such an act. The court is to determine whether it is expressly prohibited by the constitution itself or violates the constitutional rights of equal protection and due process.
This court's stated principles by which it is guided in determining the constitutionality of a legislative act are recited in Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944). Chief Justice Gardner summarized this State's law:
Uniformly, the courts recognize that this power [to strike down a legislative act as violative of the constitution] is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach *288 the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. (Citation omitted).
Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom.
Id. at 9-10, 18 So.2d at 814-15.
There are cases which have upheld similar ordinances which retroactively cover business establishments in a designated area. See, e. g., Manor v. Bainbridge, 136 Ga. 777, 71 S.E. 1101 (1911). However, there are cases where the continuance of existing nonconforming uses does not render a liquor zoning ordinance invalid. Rapp v. Venable, 15 N.M. 509, 110 P. 834 (1910), dealt with a similar statute prohibiting the establishment of saloons within certain distances of United States sanatoriums, military reservations, and educational institutions. The act, in question, also exempted those establishments already in existence. The Supreme Court of New Mexico held that this act was not unconstitutional as violating the equal protection clause of the Federal Constitution, or as creating a monopoly in favor of existing beverage businesses. "It was clearly within the legislative power to so provide and the recognition of the validity of existing licenses furnishes a reasonable and just basis for the proviso in the act, and renders untenable the contention of appellant that the act is void in that it creates a monopoly." Id. at 837.
In Eckert v. Jacobs, 142 S.W.2d 374 (Tex. Civ.App.1940), the Texas court ruled on a similar ordinance which went further and contained an express provision against future expansion of the pre-existing business, no renewals after discontinuance, and limited restoration of the business if it was destroyed. The Texas court states:
The authorizations by ordinance of the continuation of such non-conforming uses, already legally established in such areas when the ordinance takes effect, has been uniformly recognized; and such provisions have repeatedly been held not to render them invalid; and not to amount to unreasonable discrimination against others desiring to engage in additional nonconforming uses. Such ordinances operate prospectively and not retroactively. Undoubtedly these provisions are designed to avoid running afoul of the constitutional provisions against taking of property without compensation and guaranteeing due process of law. In any event, they have been repeatedly sustained. See Lombardo v. City of Dallas, supra [124 Tex. 1] 73 S.W.2d [475] at page 478; Austin v. Older, 1938, 283 Mich. 667, 278 N.W. 727; Zahn v. Los Angeles Board of Public Works, 195 Cal. 497, 234 P. 388; City of Miami v. Green, 131 Fla. 864, 180 So. 45; Landay v. MacWilliams, 173 Md. 460, 196 A. 293,114 A.L.R. 984, and annotations thereunder.
Id. at 378.
The ordinance adopted by the City of Dothan is a matter of the determination of the municipality in the execution of its police powers, and not a violation of any substantial right of the individual. Therefore, *289 for the reasons above, I would not hold such an ordinance containing a "grandfather clause" unconstitutional, but would affirm the decision of the lower court in favor of the appellee here.