I respectfully dissent.
I would affirm the judgment below denying the writ of mandamus to compel H.J. Buckhalt as Clerk of the City of Dothan to issue the appellant a license to sell beer for off-premises consumption. Further, I do not agree that this ordinance containing a "grandfather clause" is "arbitrary and unreasonably discriminatory; therefore, violative of Sections 1, 6, and 22 of the Constitution of Alabama of 1901."
This court has held it to be a reasonable and valid exercise of the police power of a city to prohibit the sale of beer within a reasonable distance from a school or church. USA Oil Corp. v.City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974). However, the question here centers around the "grandfather clause" which reads:
 but this provision shall not apply to renewals of such license heretofore issued or to such license now in existence, nor shall this provision apply to the granting of such new licenses to qualified applicants at locations which were previously licensed; within the last twelve (12) months.
No one has a vested constitutional right to retail intoxicating beverages, and lawmakers have almost unlimited power to prohibit or regulate such an occupation. Powell v. State, 69 Ala. 10
(1881), states that such a license to sell liquor is not a contract within the protection of the constitution. However, it is within the discretion of the legislative body to determine whether or not to include such an exempting clause as provided for here.
"To declare what the law is, or has been, is a judicial power; to declare what the law shall be, is legislative." Lindsay v.United States Savings Loan Association, 120 Ala. 156, 168,24 So. 171, 174 (1898). Further, "[m]uch must be left to legislative discretion, with which there cannot be judicial interference."Id. at 176, 24 So. at 178.
In Lane v. McFadyen, 259 Ala. 205, 66 So.2d 83 (1953) andCrabtree v. City of Birmingham, 292 Ala. 684, 299 So.2d 282
(1974), the court held that the mere fact of inequality is not enough to invalidate a law, and the legislative body must be allowed a wide field of choice in determining what shall come within the class of permitted activities and what shall be excluded.
In the constitutional determination of a legislative act, the court does not look at the propriety of such an act. The court is to determine whether it is expressly prohibited by the constitution itself or violates the constitutional rights of equal protection and due process.
This court's stated principles by which it is guided in determining the constitutionality of a legislative act are recited in Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810 (1944). Chief Justice Gardner summarized this State's law:
 Uniformly, the courts recognize that this power [to strike down a legislative act as violative of the constitution] is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach *Page 288 
the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. (Citation omitted).
 Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom.
Id. at 9-10, 18 So.2d at 814-15.
There are cases which have upheld similar ordinances which retroactively cover business establishments in a designated area.See, e.g., Manor v. Bainbridge, 136 Ga. 777, 71 S.E. 1101 (1911). However, there are cases where the continuance of existing nonconforming uses does not render a liquor zoning ordinance invalid. Rapp v. Venable, 15 N.M. 509, 110 P. 834 (1910), dealt with a similar statute prohibiting the establishment of saloons within certain distances of United States sanatoriums, military reservations, and educational institutions. The act, in question, also exempted those establishments already in existence. The Supreme Court of New Mexico held that this act was not unconstitutional as violating the equal protection clause of the Federal Constitution, or as creating a monopoly in favor of existing beverage businesses. "It was clearly within the legislative power to so provide and the recognition of the validity of existing licenses furnishes a reasonable and just basis for the proviso in the act, and renders untenable the contention of appellant that the act is void in that it creates a monopoly." Id. at 837.
In Eckert v. Jacobs, 142 S.W.2d 374 (Tex.Civ.App. 1940), the Texas court ruled on a similar ordinance which went further and contained an express provision against future expansion of the pre-existing business, no renewals after discontinuance, and limited restoration of the business if it was destroyed. The Texas court states:
 The authorizations by ordinance of the continuation of such non-conforming uses, already legally established in such areas when the ordinance takes effect, has been uniformly recognized; and such provisions have repeatedly been held not to render them invalid; and not to amount to unreasonable discrimination against others desiring to engage in additional nonconforming uses. Such ordinances operate prospectively and not retroactively. Undoubtedly these provisions are designed to avoid running afoul of the constitutional provisions against taking of property without compensation and guaranteeing due process of law. In any event, they have been repeatedly sustained. See Lombardo v. City of Dallas, supra [124 Tex. 1] 73 S.W.2d [475] at page 478; Austin v. Older, 1938, 283 Mich. 667, 278 N.W. 727; Zahn v. Los Angeles Board of Public Works, 195 Cal. 497, 234 P. 388; City of Miami v. Green, 131 Fla. 864, 180 So. 45; Landay v. MacWilliams, 173 Md. 460, 196 A. 293, 114 A.L.R. 984, and annotations thereunder.
Id. at 378.
The ordinance adopted by the City of Dothan is a matter of the determination of the municipality in the execution of its police powers, and not a violation of any substantial right of the individual. Therefore, *Page 289 
for the reasons above, I would not hold such an ordinance containing a "grandfather clause" unconstitutional, but would affirm the decision of the lower court in favor of the appellee here.