[No. 20374.   Department One.   February 16, 1927.]

LIBERTY LUMBER COMPANY, *Appellant*, v. THE CITY OF TACOMA *et al., Respondents*.[1]

[1] MUNICIPAL CORPORATIONS (320, 325)—POLICE POWER—REGULATION OF OCCUPATIONS—LICENSES—BUILDING RESTRICTIONS. Where a lumber company had an established business on six city lots, the purchase of two additional adjoining lots and extension of a lumber shed thereon is not the "establishment" of a business, within the meaning of a city ordinance requiring the consent of seventy-five per cent of the owners of the property within a radius of three hundred feet, upon the establishment of an industrial business in the residential district of the city.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 8, 1926, dis-

[1]Reported in 253 Pac. 122.

missing an action for injunctive relief, after a trial to the court upon stipulated facts. Reversed.

*Lyle, Henderson & Carnahan, F. A. Latcham* and *A. B. Cunningham* for appellant.

*E. K. Murray, Leo Teats* and *Bartlett Rummel,* for respondents.

MAIN, J.—The plaintiff brought this action seeking injunctive relief against the defendant city and two of its officers. The trial was to the court without a jury and resulted in a judgment dismissing the action, from which the plaintiff appeals.

Upon the trial in the superior court, the facts were stipulated, and may be summarized as follows: The appellant is a corporation and for a number of years had been engaged in the business of retailing and wholesaling lumber upon lots 1, 2 and 3 in block 9029 and lots 1, 2 and 3 in block 9028, Tacoma Land Company's Addition to the city of Tacoma. On or about November 2, 1925, it purchased two additional lots to the west and adjacent to its established business. On November 7, 1925, the appellant applied to the building inspector of the city for a permit to construct a lumber shed on the two lots last purchased and the permit was issued. Thereafter the erection of a lumber shed was begun, and when it was approximately one-third completed, the building inspector notified the appellant to cease work upon the building and to immediately tear down the same, the building inspector being of the opinion that the permit was void because the appellant had failed to secure the consent in writing of seventy-five per cent of the owners of property within a radius of three hundred feet from the central point of the shed being erected. The stipulated facts show " . . . that said lumber shed is connected to

and intended as an addition to and for use in connection with plaintiff's business and buildings as already existing.''

[1] The question is whether the appellant had a right to erect the shed without first securing the consent in writing of seventy-five per cent of the owners of property within a radius of three hundred feet from the central point of the building. This requires a consideration of certain ordinances of the city. By ordinance number 7019, the city of Tacoma was divided into industrial and residential districts. Section 12 of this ordinance made it unlawful for any person, firm or corporation to establish, maintain or carry on in any residential district of the city any business enterprise except as provided in § 14 thereof. Section 14, as amended by ordinance 8452, reads as follows:

''This ordinance is not intended to prohibit the operation of any business, except those mentioned in section 13, which are now being operated, or to prohibit the establishment and operation of any business, except those mentioned in said section thirteen, in any residential section when the person desiring to establish the same shall have, within sixty days prior thereto, obtained the consent in writing of owners representing at least three-fourths of the property within a radius of three hundred feet of a central point of the structure to be erected as designated on plans that must be filed with the building inspector at the time of filing this petition. Property lying within said radius and within an industrial district shall, for the purpose of said petition, be deemed consenting property. And no permit for the erection or alteration of any building to be used for the purpose of conducting any of said businesses therein shall be issued until such consent shall have been so filed.''

The business which the appellant was engaged in was located in a residential district as defined by the ordinances and had been established for a number

of years in that location, prior to the passage of any ordinance relative thereto. The first declaration in § 14, *supra,* is that "this ordinance is not intended to prohibit the operation of any business, except those mentioned in section 13, which are now being operated". Section 13 does not apply to the business conducted by the appellant. The remaining portion of § 14 covers the matter where a new business is to be established in a residential district and requires the consent in writing of owners representing at least three-fourths of the property within a radius of three hundred feet of a central point of the structure to be erected.

The question more closely stated is whether the purchasing of two additional lots adjacent to those upon which the appellant had conducted its business and the erecting of a shed thereon for the storage of lumber was the establishment of a business. If it was not the establishing of a business, then the provision of the ordinance relating to getting the consent of other property owners does not apply. The building of the shed for the storage of lumber was merely incidental and to some extent an enlargement of the business as it had been conducted prior to the passage of the ordinance. According to Webster's New International Dictionary the word "establishment", as used in this connection, means "to set up in business". In enlarging the business by the erection of the shed the appellant was not setting itself up in business as it had, as already stated, been engaged in business at the same location for a number of years. The fact that the two lots upon which the shed was to be erected were purchased subsequent to the passage of the ordinance it seems to us can have no controlling effect, inasmuch as the use to be made of them was merely incidental to an already established business.

· Attention has been called to the last sentence of § 14 of the ordinance covering the matter of a permit, but this sentence relates only to that part of the section which requires the consent of three-fourths of the property mentioned therein. It does not refer back to the first provision to the effect that the ordinance does not apply to a business then being operated. The fact that § 14 was carried into the building code of the city subsequently enacted does not alter the situation. The appellant had a right to proceed with the erection of its shed, as it was not doing anything which was prohibited by the ordinance.

The judgment will be reversed, and the cause remanded with direction to enter a judgment as herein indicated.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.