[S. F. No. 14800.   In Bank.—April 27, 1933.]

ADOLPH L. REHFELD et al., Respondents, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

John J. O'Toole, City Attorney, and Sylvain D. Leipsic, Deputy City Attorney, for Appellant.

Milton Marks for Respondents.

LANGDON, J.—This is an appeal by defendant City and County of San Francisco, from a judgment of the superior court granting declaratory relief and an injunction.   The

plaintiffs are owners of a piece of land at the corner of Filbert and Baker Streets, now used as a grocery-store. They sought to enlarge the store by extending it twenty-two feet backward into a lot now vacant. The district in which all this land is situated is zoned for residences. The store of plaintiffs had been erected many years before the zoning ordinance was passed, and by the terms of said ordinance, existing nonconforming uses were permitted to remain. Plaintiffs filed their application with the city planning commission to rezone the twenty-two feet in the rear of the store, so as to permit the proposed enlargement. The commission denied the request, and plaintiffs then commenced this action. The lower court found that the deepening of the store would not adversely affect the public health, safety, comfort, morals, convenience or welfare, and therefore declared the right of plaintiffs to carry out their plans, and enjoined the defendant city from preventing such action.

It is at once obvious that the plaintiffs and the lower court have proceeded upon an erroneous theory. Plaintiffs' brief takes the position that the court has power to review any decision of the city planning commission, and determine whether, in each case, the prohibited act is sufficiently dangerous to the public welfare to justify the exercise of police power. They cite cases dealing with judicial review of the constitutionality of *zoning ordinances,* none of which is in point. The zoning ordinance of the City and County of San Francisco is not attacked, and the constitutional power of a municipality to establish residential districts, and to exclude therefrom such structures as stores and apartment houses, is well settled. (See *Miller* v. *Board of Public Works,* 195 Cal. 477 [234 Pac. 381, 38 A. L. R. 1479]; *Jones* v. *Los Angeles,* 211 Cal. 304, 307 [295 Pac. 14].) In enacting such ordinances, however, municipal authorities have had in mind the injustice and doubtful constitutionality of compelling the *immediate removal* of the objectionable buildings already in the district, and have usually made express provision that these *nonconforming uses* may be continued, without the right to enlarge or rebuild after destruction. The object of such provision is the gradual elimination of the nonconforming use by obsolescence or destruction by fire or the elements, and it has been fre-

quently upheld by the courts. (See *State* v. *Hillman,* 110 Conn. 92 [147 Atl. 294] ; *Jones* v. *Los Angeles, supra,* at p. 319 of 211 Cal. ; Metzenbaum, Law of Zoning, p. 288.)

■ We have in this case an admittedly valid zoning ordinance, and a nonconforming use which has been permitted to remain under the provisions of the ordinance. Upon what logic may that permission be transferred into a right to obtain more than the ordinance gives? No one in the district may build a new store, and it would be an unwarranted discrimination in favor of plaintiffs to permit them to enlarge their existing store in this residential district. The finding that the public welfare would not be endangered is beside the point. Obviously a *rezoning* would not cause injury to the public, but the whole value of zoning lies in the establishment of more or less permanent districts, well planned and arranged. If, upon the complaint of the owner, the courts are to re-examine each instance of inclusion or exclusion of property from a district, solely with regard to the dangerous or nondangerous character of the particular structure, and irrespective of the general scheme of the ordinance, then there is, of course, no possibility of ever achieving successful zoning.

■ The only basis upon which relief could be justified would be upon a showing of an abuse of discretion on the part of the city planning commission. No such showing is made. The presumption is, moreover, in favor of the correctness of the determination of this administrative body on the matter of rezoning, as upon other questions of fact. (See *Norcross* v. *Board of Appeal,* 255 Mass. 177 [150 N. E. 887] ; Metzenbaum, Law of Zoning, p. 265.)

The judgment is reversed.

Preston, J., Curtis, J., Shenk, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.