AUSTIN *v.* OLDER.

1. MUNICIPAL CORPORATIONS — ZONING ORDINANCE — BUILDING PER-
MITS—LUBRITORIUM.
    Addition to gasoline station of structure 17' x 26' and one story
        high to be used as lubritorium and costing $3,000 *held,* within
        provision of zoning ordinance providing that no new building
        or alteration of existing building at cost of $100 be made until
        a building permit has been issued (Ypsilanti zoning ordinance,
        § 12).

2. SAME—ADDITIONS TO STRUCTURES USED FOR NONCONFORMING PUR-
POSES.
    Action of city engineer and zoning board of appeals in refusing
        building permit for lubritorium to owner of gasoline station
        which had been erected in residence zone prior to passage of
        zoning ordinance *held,* within spirit of and authorized by the
        ordinance although such addition would be artistic in appear-
        ance and was necessary to enable plaintiff to meet competition
        (Ypsilanti zoning ordinance, §§ 2, 4, 8, 10, 12).

3. SAME—ZONING ORDINANCE—DISCRETION OF BOARD OF APPEALS.
    Failure of zoning board of appeals to vary restrictions as to resi-
        dence and educational zone so as to permit addition of lubri-
        torium to gasoline station *held,* proper and not an abuse of its
        discretion to interpret provisions of the ordinance where prac-
        tical difficulties or unnecessary hardship occur, where station
        was erected, prior to passage of ordinance, on one corner of an
        intersection, another corner of which had been created a non-
        residential zone but State normal college was across street
        from plaintiff's property and proposed structure would be
        about 10 feet from residence on adjoining lot (Ypsilanti
        zoning ordinance, §§ 2, 4, 8, 10, 12).

4. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—ORDINANCES.
    Every intendment is in favor of the constitutionality of the ordi-
        nance of a municipal corporation.

5. SAME—BURDEN OF SHOWING UNCONSTITUTIONALITY OF ORDINANCE.
    One attacking the constitutionality of a municipal ordinance has
        the burden of showing that it has no real or substantial rela-
        tion to public health, morals, safety or general welfare.

6. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—POLICE POWER.
    Zoning ordinances are constitutional in principle as a valid exer-
        cise of the police power.

7. SAME—POWER TO ZONE—STATUS QUO—FUTURE.
    The power to zone is not limited to a protection of the *status quo*
        and a city may validly plan its future development.

8. SAME—GRADUAL ELIMINATION OF NONCONFORMING USES.
    Gradual elimination of nonconforming businesses in residential
        zones of a city is within the police power.

9. CONSTITUTIONAL LAW—POLICE POWER—DEPRIVATION OF PROPERTY.
    A zoning ordinance requiring an immediate cessation of a non-
        conforming use may be unconstitutional because it deprives
        one of property rights out of proportion to the public benefits
        obtained but an ordinance prohibiting enlargement of a non-
        conforming building is within the police power.

10. SAME—DUE PROCESS—POLICE POWER.
    The due process clause does not prevent a valid exercise of the
        police power.

11. SAME — PROPERTY — POLICE POWER — PUBLIC HEALTH, MORALS,
    SAFETY AND WELFARE.
    Property is held subject to right of government to regulate its
        use in the exercise of the police power so that it shall not be
        injurious to the rights of the community or so that it may pro-
        mote its health, morals, safety and welfare.

12. SAME—REGULATIONS—PROPERTY.
    Regulations may result to some extent practically in the taking
        of property, or the restriction of its use and yet not be deemed
        confiscatory or unreasonable.

13. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—IMPROVEMENT
    OF RESIDENCE DISTRICTS—CONSTITUTIONAL LAW.
    The improvement of residential districts by the exclusion of non-
        conforming businesses has a reasonable relationship to the pub-
        lic health, welfare and safety.

14. Same — Zoning Ordinances — Limitation of Nonconforming Uses—Gasoline Stations in Residence Zones—Deprivation of Property Through Obsolescence or Competition.

  Limiting further extension of nonconforming use by prohibiting alterations and additions to existing buildings such as addition of lubritorium to gasoline station *held*, a valid exercise of governmental power even though it may result in destruction of owner's business through obsolescence or inability to meet competition.

15. Mandamus—Building Permits—Zoning Board of Appeals.

  Mandamus to compel issuance of building permit *held*, properly refused where zoning board of appeals made constitutional exercise of discretion in refusing to issue permit to add a lubritorium to a gasoline station in a residence district (Ypsilanti zoning ordinance, § 10).

16. Costs—Mandamus—Discretion of Board of Appeals—Public Question.

  No costs are allowed in mandamus proceeding to compel issuance of building permit where construction of provisions of zoning ordinance as to discretion of board of appeals is sought, a question of public interest being involved.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 18, 1938. (Calendar No. 39,825.) Decided April 4, 1938.

Mandamus by James Austin, doing business as J. Austin Oil Company, against T. Fred Older, City Engineer of Ypsilanti, Michigan, and the Board of Appeals under Ypsilanti zoning ordinance No. 111 to compel the issuance of a building permit. Mandamus denied. Plaintiff appeals. Defendants cross-appeal. Affirmed.

*Reid & Young* (*Hooper & Hooper*, of counsel), for plaintiff.

*John P. Kirk* (*Cleary & Weins*, of counsel), for defendants.

BUTZEL, J. After denial of certiorari by the circuit court (affirmed by this court, *Austin* v. *Older,* 278 Mich. 518), plaintiff sought mandamus in the circuit court of Washtenaw county to compel the issuance of a building permit. He appeals from an adverse decision.

On the eve of the passage of a zoning ordinance by the city of Ypsilanti (Ordinance No. 111), but before the day it became effective, plaintiff erected a building and appurtenances for a gasoline station on his property at the intersection of west Cross and Washtenaw avenues, in zone B, a residence district under the ordinance. Although this is a nonconforming use under the ordinance, which restricts the property of plaintiff and the surrounding area to residence purposes, the ordinance permits the continuation of such nonconforming uses as existed at the time of the effective date of the ordinance. Along each side of the one-story building erected by plaintiff, there is a pit used principally for the purpose of draining and lubricating automobiles. Over 10 years after the construction of the building and adoption of the ordinance, plaintiff filed an application with respondent engineer for a permit to remodel and thus modernize the gasoline station. His plans called for the filling in of the pit on one side and the extension of a bay window over the filled-in land. On the other side, an addition to the building was planned so as, approximately, to double its present size. The addition was to be used for what is commonly known as a "lubritorium." It appears from the architect's sketch that the addition would be artistic in appearance.

The city engineer refused to issue a permit and plaintiff appealed to the board of appeals, consist-

ing of five members appointed by the council, as provided in the ordinance. The appeal was unsuccessful. He claims that he is entitled to remodel and modernize the building provided there is no change in the actual use to which the building and premises are put and provided no more of the premises will be used than are now in use; also that the action of the zoning board of appeals in denying the permit was so arbitrary and unreasonable as to entitle him to a writ of mandamus to compel the issuance of the permit.

Plaintiff's property is in a zone B residence district under the zoning ordinance, section 4 of which restricts the use of buildings in zone B districts to residence, hotel, hospital, educational and similar purposes, which do not include that of selling gasoline and oil. Section 2 provides:

"Except as hereinafter provided, no building shall be erected or altered nor shall any building or premises be used for any purpose other than as permitted in the district in which such building or premises is located."

We also quote section 8:

"The lawful use of buildings and of premises at the time of the adoption of this ordinance may be continued although such use does not conform with the provisions hereof. If no structural alterations are made a nonconforming use may be changed to any use permitted in a district where such nonconforming use would be permitted.

"No nonconforming building which has been damaged by fire, explosion, act of God, or act of the public enemy to the extent of more than 80 per cent. of the assessed value shall be restored except in conformity with the regulations of this ordinance."

Section 10 provides that the board of appeals may, after public notice and hearings, authorize a variation in the application of the district regulations, in harmony with other general purposes and intent, where practical difficulties or unnecessary hardships occur.

The proposed improvement consists of a substantial structure, 17 feet by 26 feet, one story in height, costing $3,000, and whether regarded as an alteration in the existing building or a new structure, it is within section 12 of the ordinance, which provides that no new building or structure shall be erected, nor existing building altered at a cost of $100 or more until a permit has been issued. The case of *Paye* v. *City of Grosse Pointe,* 279 Mich. 254, is not at all applicable. In that case an erection of a new store front without any structural change was held not to be a violation of the ordinance, but we also stated that an alteration did exist when there was a change of form, character or size of a building. The change contemplated by plaintiff is one in the structural quality of the building and the requisite permit may not be issued unless the zoning regulations are complied with.

It is true that the continuation of such nonconforming uses as existed at the time of the adoption of the ordinance is permitted and plaintiff properly asserts that the building and premises may be used for a gasoline station, but he contends that, therefore, in order to meet competition, he should have the right to modernize the building by erecting a substantial addition. Unfortunately for plaintiff, this can only be done by making structural changes, and such alterations or additions for a nonconforming use are forbidden by section 2 of the ordinance,

Section 8 provides an exception to the blanket prohibition of section 12, but does not provide for the enlargement of a nonconforming use. The purpose of the ordinance is to keep residential, commercial and industrial uses within certain territorial confines, and to limit as far as is constitutionally permissible, the continuation of nonconforming uses. The effect of the zoning ordinance would be largely vitiated if a large mercantile establishment or factory would be permitted to supplant a small store or shop which existed at the time of the adoption of the ordinance. *State, ex rel. Carter,* v. *Harper,* 182 Wis. 148 (196 N. W. 451; 33 A. L. R. 269) ; *Piccolo* v. *Town of West Haven,* 120 Conn. 449 (181 Atl. 615) ; *Conaway* v. *Atlantic City,* 107 N. J. Law, 404 (154 Atl. 6). The action of the city engineer and the board of appeals in refusing the permit was within the spirit of the zoning ordinance and was authorized by its provisions.

We likewise dismiss the claim that the action of the city in refusing the permit was arbitrary or unreasonable. It was shown that the property of plaintiff, used for nonconforming purposes, abuts the lot upon which a residence is located. The contemplated new building, if erected, would not be much more than 10 feet from the side of the house on the adjoining lot. According to a map of the city, the State Normal College is across the street from the gasoline station. A nonresidential zone has been created on an opposite corner of the intersection. As the contemplated structure was not in accordance with the provisions of the zoning ordinance, the refusal was proper and there was no abuse of discretion by the board of appeals, notwithstanding its power to interpret the provisions of the ordi-

nance where practical difficulties or unnecessary hardship occur. A failure to vary the restrictions in this case cannot be considered an abuse of discretion.

Plaintiff contends, however, that under the decision of *Adams* v. *Kalamazoo Ice & Fuel Co.,* 245 Mich. 261, he cannot constitutionally be required to cease the nonconforming use to which he devoted his property before the enactment of the ordinance. This was not denied him. He claims, however, that the denial of his building permit will have this effect, and that unless he continues to modernize and make additions to his station to keep up with current trends, competition will eventually force him out of business. Assuming that there is merit in this claim, it must be determined whether or not the city may constitutionally prohibit a commercially necessary enlargement of a nonconforming business structure. Inasmuch as the question has not been squarely passed upon in this State, we quote extensively from other jurisdictions.

It is elementary that every intendment is in favor of the constitutionality of an ordinance and plaintiff has the burden of showing that it has no real or substantial relation to public health, morals, safety or general welfare. Zoning ordinances are constitutional in principle as a valid exercise of the police power. *Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365 (47 Sup. Ct. 114, 54 A. L. R. 1016); *City of Lansing* v. *Dawley,* 247 Mich. 394; *City of Pleasant Ridge* v. *Cooper,* 267 Mich. 603. Furthermore, the power to zone is not limited to a protection of the *status quo,* and the city may validly plan its future development. In *Zahn* v. *Board of Public Works of Los Angeles,* 195 Cal. 497 (234 Pac. 388), affirmed in 274 U. S. 325 (47 Sup. Ct. 594), the court said:

"The power of the city council to zone is not limited in our opinion to the protection of established districts. So to hold would defeat in a large measure the very purpose of zoning which is to control the future development in the best interests of the city. Zoning in its best sense looks, not only backward to protect districts already established, but forward to aid in the development of new districts according to a comprehensive plan having as its basis the welfare of the city as a whole."

Certainly the maximum benefit of zoning ordinances cannot be obtained as long as nonconforming businesses remain within residential districts, and their gradual elimination is within the police power. *DeVito* v. *Pearsall,* 115 N. J. Law, 323 (180 Atl. 202); *Thayer* v. *Hartford Board of Appeals,* 114 Conn. 15 (157 Atl. 273); *Rehfeld* v. *City of San Francisco,* 218 Cal. 83 (21 Pac. [2d] 419). In *Thayer* v. *Hartford Board of Appeals, supra,* the court said:

"The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities. The continued existence of those which are nonconforming is inconsistent with that object, and it is contemplated that conditions should be reduced to conformity as completely and speedily as possible with due regard to the special interest of those concerned, and where suppression is not feasible without working substantial injustice, that there shall be accomplished 'the greatest possible amelioration of the offending use which justice to that use permits.' 'The accepted method of accomplishing this result is as follows: The nonconformity is in no case allowed to increase. It is permitted to continue until some change in the premises is contemplated by the owner, when, in so far as expedient, the authorities take advantage of this fact to compel a lessening or complete suppression of the noncon-

formity.' Williams, Law of City Planning and Zoning (1st Ed.), pp. 202, 203.''

An ordinance requiring an immediate cessation of a nonconforming use may be held to be unconstitutional because it brings about a deprivation of property rights out of proportion to the public benefit obtained, but an ordinance prohibiting the enlargement of a nonconforming building is not subject to the same infirmity. This more limited restriction on the owner's rights in the use of his property is within the police power and such ordinances have been held valid. *State, ex rel. Carter,* v. *Harper, supra; State, ex rel. City Ice & Fuel Co.,* v. *Stegner,* 120 Ohio St. 418 (166 N. E. 226, 64 A. L. R. 916); *Rehfeld* v. *City of San Francisco, supra; American Wood Products Co.* v. *City of Minneapolis,* 21 Fed. (2d) 440, affirmed in (C. C. A.) 35 Fed. (2d) 657. In the case of *Rehfeld* v. *City of San Francisco, supra,* the court upheld an ordinance forbidding enlargement of nonconforming buildings, saying:

"In enacting such (zoning) ordinances, however, municipal authorities have had in mind the injustice and doubtful constitutionality of compelling the immediate removal of the objectionable buildings already in the district and have usually made express provision that these nonconforming uses may be continued, without the right to rebuild or enlarge after destruction. The object of such provision is the gradual elimination of the nonconforming use by obsolescence or destruction by fire or the elements and it has been frequently upheld by the courts.''

Even though, through normal business competition, the denial of the permit may eventually cause plaintiff's property to be of little or no value for the

sale of gasoline, he still may use it for purposes permitted by the zoning ordinance.  It is true that he, as well as all others in the restricted zone, may be deprived of some property rights, but the due process clause does not prevent a valid exercise of the police power.  In *State* v. *Hillman,* 110 Conn. 92 (147 Atl. 294), an ordinance was upheld which provided that a building devoted to a nonconforming use in a restricted area could not be rebuilt when destroyed by fire to more than 50 per cent. of its value.  The court said:

"All property is held subject to the right of the government to regulate its use in the exercise of the police power so that it shall not be injurious to the rights of the community or so that it may promote its health, morals, safety and welfare. * * * Regulations may result to some extent practically in the taking of property, or the restriction of its use and yet not be deemed confiscatory or unreasonable. * * * Courts will not hold laws, ordinances, or regulations adopted under sanction of law to be unconstitutional unless they are clearly unreasonable, destructive, or confiscatory."

We can see but little difference between the application of the principles underlying the zoning law to the case of destruction of a business by fire or to a similar destruction by obsolescence or competition.

In a very few cases it has been held that a property owner has the right to make the necessary use of the entire premises which previously were devoted in part to a nonconforming use.  *In re Gilfillan's Permit,* 291 Pa. 358 (140 Atl. 136) ; *Empire City Racing Ass'n* v. *City of Yonkers,* 132 Misc. 816 (230 N. Y. Supp. 457).  Plaintiff calls our attention to the case of *Liberty Lumber Co.* v. *City of Tacoma,*

142 Wash. 377 (253 Pac. 122), which is distinguishable on its facts, the ordinance materially differing from the one in the instant case. While plaintiff has some support for his contention, the overwhelming weight of authority sustains the validity of the ordinance prohibiting the extension of a nonconforming use by alterations or additions to a building.

There can be but little doubt of the undesirability of a gasoline station in a residential neighborhood. The improvement of residential districts by the exclusion of nonconforming businesses has a reasonable relationship to the public health, welfare and safety. *Village of Euclid* v. *Ambler Realty Co., supra.* Limiting the further extension of a nonconforming use by prohibiting alterations and additions to existing buildings is a valid exercise of governmental power.

The trial judge properly refused mandamus and his order is affirmed. As the question is of public interest, no costs will be allowed.

Bushnell, Sharpe, Chandler, and McAllister, JJ., concurred with Butzel, J. Wiest, C. J., and Potter and North, JJ., concurred in the result.