CHARLES BORINSKY, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK ET AL., DEFENDANTS.

Argued January 18, 1939—Decided February 7, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Louis L. Feinseth* and *Julius Stein.*

For the defendants, *Zucker & Goldberg, Bilder, Bilder & Kaufman, James F. X. O'Brien* and *Simon Englander.*

PER CURIAM.

*Certiorari* was allowed to review the decision of the Board of Adjustment of the city of Newark dismissing the appeal

of prosecutor from the granting by the superintendent of buildings of a permit to defendant Parker Construction Company for the erection and construction of an apartment house on premises fronting on the northerly side of Chancellor avenue and the westerly side of Van Velsor Place, known as 89-101 Chancellor avenue, in the city of Newark. The attack is on the granting of the permit, and the refusal of the board to set it aside as beyond the power of the superintendent to grant it.

There was no application to the Board of Adjustment for an exception to the zoning restriction, and we are not called upon to determine any question except whether the portion of the structure located beyond one hundred feet from Chancellor is proposed to be put upon land zoned against apartment houses.

In his opinion on the application for the writ of *certiorari*, Mr. Justice Parker said:

"As to this phase of the case I am perfectly clear that the building encroaches upon territory zoned as against apartments. The prosecutor owns and, I understand, lives in a house on the westerly side of Van Velsor Place next adjoining on the north the tract of land purchased by the defendant Van Velsor Company by deed dated November 1st, 1938. The defendant's frontage is two hundred feet on Van Velsor Place and the plans for the apartment house show a building that is to extend to within some ten or eleven feet of the prosecutor's line. The prosecutor claims that by the zoning ordinance of the city, apartments may be erected only on a strip of land fronting on Chancellor avenue and running back to a line parallel with Chancellor avenue and one hundred feet at right angles thereto. The claim for the respondents is that, by a proper construction of the language of the zoning ordinance, the frontage on Van Velsor Place more than one hundred feet from Chancellor avenue is included within the limits of the apartment house zone.

"I am perfectly clear that this claim is without foundation. The zoning map of the city was produced before me, at my request, by counsel for the defendants and shows to my mind

most satisfactorily that the zoning area available for apart-ments is a strip along Chancellor avenue and one hundred feet therefrom as just described.

"The argument made as regards the zoning ordinance is, in effect, that the ordinance is more liberal than the map because of the following language therein, being a part of section 24 of the ordinance and reading as follows:

" ' Section 24. District Boundaries.

" 'The district boundaries are, unless otherwise indicated, either street lines or lines drawn parallel to and one hundred feet back from one or more of the street lines bounding a block. Where two or more district designations are shown within a block two hundred feet or less in width, the boundaries of the less restricted district shall be deemed one hundred feet back from its street line. Where two or more district designations are shown within one block more than two hundred feet in width, the boundaries of the more restricted district shall be deemed one hundred feet back from the street line."

It is to be noted that the last words of this section read "one hundred feet back from *its* street line" instead of "from *the* street line" as appears in the opinion. In our view, how-ever, the use of "the" for "its" does not alter the meaning of the section.

Mr. Justice Parker further said:

"The last sentence of the above is the part more particularly relied on; but I am unable to see in that language anything that contradicts in any way what is clearly shown on the map. In other words, it is entirely consistent with the map, which shows a zoning strip fronting on Chancellor avenue and extending one-quarter of the distance to Vassar avenue, the next parallel street. In order to support the defendants' claim it would be necessary to hold (and indeed it is argued) that the language of the ordinance includes a strip on Van Velsor Place running one hundred feet back from the line of that street and apparently all the way back to Vassar ave-nue. If this be so, there is no reason why the same condition should not apply to Parkview Terrace, which is the street on

the west, I can see absolutely no substance in any such claim, and consequently, on this branch of the case have no hesitation in holding that beyond one hundred feet from Chancellor avenue the rest of the block is zoned against apartments."

We conclude that this reasoning and conclusion are supported by the ordinance and map, and that the permit should be set aside as in violation of the ordinance.

The action of the superintendent of buildings in granting the permit and the refusal of the Board of Adjustment to set it aside on appeal, are set aside, with costs.